SKIP DUROCHER (admitted *Pro Hac Vice*)
CORWIN R. KRUSE (admitted *Pro Hac Vice*)
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile:  612-340-2868

KENT J. SCHMIDT (Cal. Bar No. 195969)
DORSEY & WHITNEY LLP
38 Technology Drive
Irvine, CA 92618
Telephone:  (949) 932-3600
Facsimile:  (949) 932-3601

Attorneys for Plaintiff
AUGUSTINE BAND OF
CAHUILLA MISSION
INDIANS

JS-6

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTINE BAND OF CAHUILLA MISSION INDIANS<br><br>Plaintiff,<br><br>v.<br><br>CITY OF COACHELLA, a municipal corporation<br><br>COUNTY OF RIVERSIDE, a political subdivision of the State of California,<br><br>RIVERSIDE LOCAL AGENCY FORMATION COMMISSION, an | NO.: CV06-1237 AG (OPx)<br><br>**JUDGMENT BY CONSENT AND ORDER**<br><br>Date:<br>Time:<br>Dept:<br><br>Judge:     Andrew J. Guilford |

-1-

1. independent regulatory commission

2.

3. The EDWARD AND NANCY LAST
4. TRUST, Edward Last, trustee,

5.

6. Calvin Ray BENNETT, III,

7.

8. Frances DEMATTI,

9.

10. Tramessa Shonda Lynn GRIFFIN,

11.

12. Glen Edward GRIFFIN, Jr.,

13.

14. Gaela M. GRIFFIN,

15.

16. Deanna Marie Andreas TORO,

17.

18. Anthony Joseph ANDREAS, Jr.,

19.

20. Ann Margaret ARVISO,

21.

22. John Damon ANDREAS, Jr.,

23.

24. Patricia Marie ANDREAS,

25.

26. Jerome ANDREAS,

27.

28. Herman SMITH,

1
2   Rhonda R. Ball MARTIN,
3
4   Tiquan Andre MARTIN,
5
6   Victoria Nichele MARTIN,
7
8   Gregory Josh MARTIN,
9
10  Geramy S. MARTIN, and
11
12  Ashley S. ROBERSON,
13
14
15                          Defendants.
16
17                **I.     INTRODUCTION**
18       1.   *Parties to This Action.* The above-captioned action ("the Action") arose
19  initially out of a Complaint filed by the Augustine Band of Cahuilla Mission Indians
20  ("the Augustine Band" or "Tribe") on February 28, 2006, against the City of Coachella,
21  County of Riverside, and the Riverside Local Agency Formation Commission. On July
22  11, 2006, the Augustine Band filed a First Amended Complaint naming additional
23  defendants. On October 12, 2006, the Augustine Band filed a Second Amended
24  Complaint naming additional defendants. As of the date of this Consent Judgment, the
25  following parties remain in the Action: Plaintiff Augustine Band of Cahuilla Mission
26  Indians; Defendant City of Coachella; Defendant County of Riverside; Defendant
27  Riverside Local Agency Formation Commission; and Defendant the Edward and Nancy
28

Last Trust.  The Court has entered default judgments with respect to all other named defendants.

2. *Nature of the Action.*  The Action concerns the purported annexation of the Augustine Reservation pursuant to actions taken by the City of Coachella on July 15, 1986, and the Riverside Local Agency Formation Commission on August 19, 1986, and the purported granting of certain rights of way over the Reservation on Avenue 54, Avenue 56 (Airport Boulevard), Harrison Avenue, and Van Buren Street.

3. *Desire to Settle Action.*  The Plaintiff and all remaining defendants (each a "Party", and collectively "Parties") now desire to settle the Action and have committed to this Judgment by Consent and Order ("Consent Judgment").

## II.   DEFINITIONS

The following terms used in this Consent Judgment shall have the definitions set forth below:

1. The Reservation of the Augustine Band of Cahuilla Indians ("Augustine Reservation") is the land established on or about December 29, 1891, pursuant to an Executive Order issued in accordance with the Mission Indian Relief Act, 26 Stat. 712 (1891), held in trust for the sole use and benefit of the Augustine Band, memorialized in a trust patent issued in favor of the Band on Feb. 10, 1893, for the entirety of Section 18 in Township 6 South of Range 8 East on the San Bernardino Meridian, within the exterior boundaries of the State of California, comprised of 615.64 acres more or less.

2. The property owned by defendant Edward and Nancy Last Trust that is the subject of the Action ("Last Trust Property") is that land located within the exterior boundaries of the Reservation and: denominated as the southeast quarter of the southeast quarter of Section 18, Township 6 South, Range 8 East on the San Bernardino Meridian of the Reservation; denominated as the northeast quarter of the southeast quarter of Section 18, Township 6, Range 8 East on the San Bernardino Meridian, comprised of 80 acres more or less.

### III.   TERMS OF CONSENT JUDGMENT

1. *Jurisdiction and Venue.*

   a.   The District Court has jurisdiction over the Action pursuant to 28 U.S.C. §§ 1331, 1343(3), 1353, 1362, 2201, and 28 U.S.C. § 2202.

   b.   Venue of the Action in this District is proper pursuant to 28 U.S.C. § 1391(b).

2. *Parties.*

   a.   The Augustine Band of Cahuilla Indians (the "Augustine Band" or "Tribe") is a tribal government, duly recognized by the United States through the Secretary of Interior, and is the governing body of the Augustine Reservation.

   b.   Defendant City of Coachella (the "City") is a municipal corporation duly organized under the laws of the State of California.

   c.   Defendant County of Riverside (the "County") is a political subdivision of the State of California.

   d.   Defendant the Riverside Local Agency Formation Commission ("LAFCO") is an independent regulatory commission established pursuant to California law.

   e.   Defendant Edward and Nancy Last Trust, Edward Last, trustee, ("Last Trust") is a trust established pursuant to California law.  The "Last Trust" also shall mean its assigns, successors, transferees or other such persons except the Tribe.

   f.   The following defendants are holders of interests in allotments of trust land within the boundaries of the Augustine Reservation but have never appeared in the Action nor raised a defense:  Calvin Ray Bennett, III, Frances DeMatti, Tramessa Shonda Lynn Griffin, Glen Edward Griffin, Jr., Gaela M. Griffin, Deanna Marie Andreas Toro, Anthony Joseph Andreas, Jr., Ann Margaret Arviso, John Damon Andreas, Jr., Patricia Marie Andreas, Jerome Andreas, Herman Smith, Rhonda R. Ball Martin, Tiquan Andre Martin, Victoria Nichele Martin, Gregory Josh Martin, Geramy S. Martin, and Ashley S. Roberson.  The allotment interest holders were named in the

Action for the purpose of fulfilling the joinder requirements of Federal Rule of Civil Procedure 19. As noted above, these defendants did not appear in this action, and the Court has entered default judgments against them.

3. *Annexation.*

    a. The Parties agree that the action taken in 1986 to annex the Reservation and the Coachella Valley High School to the City is void *ab initio* with respect to all lands within the original boundaries of the Augustine Reservation and excluding the real property west of Van Buren Street which is the property of the Coachella Valley School District. The Coachella Valley School District property will remain within the City of Coachella.

    b. The City agrees that once the annexation has been voided, the City will have no jurisdiction over the Reservation and it will not attempt to annex the Reservation in the future without the written consent of the Tribe.

    c. The Parties agree that the lands held in trust by the United States for the benefit of the Augustine Band or for the benefit of individual allottees along with fee lands owned by the Tribe shall be subject to the jurisdiction of the Tribe and the United States.

    d. The Parties agree that all land uses of the Last Trust Property and activities thereon will be governed by the County's land use regulations and ordinances so long as the property is owned by the Last Trust or persons other than the Tribe.

    e. The County agrees to consider re-designating the Last Trust Property during the County's 2008 General Plan Update process at no cost to the Last Trust. The County, however, makes no representations concerning the date that the 2008 General Plan Update process will be complete. Upon completion of the 2008 General Plan Update process, the Last Trust may file and process a rezoning application and other related land use entitlements ("Consistent Zoning Application(s)") to rezone and entitle the Last Trust Property consistent with the then-current General Plan ("Consistent Zoning"), the cost of which shall be offset as set forth in Section 3(e)(iv) of this Consent

Judgment. If the Last Trust wishes to proceed before the County completes the 2008 General Plan Update, the Last Trust may file and process at its own cost, except as provided in Section 3(e)(iv) of this Consent Judgment, a General Plan Amendment application and a rezoning application ("Subject Application(s)") to re-designate and re-zone the Last Trust Property to a General Plan designation of Retail Commercial (CR) and zoning classification of Scenic Highway Commercial (C-P-S), which are the most equivalent to the City's "general commercial and manufacturing service" zoning classification in effect on October 12, 2006 ("Equivalent Zoning").

(i) *Best Efforts.* The County shall use its best efforts to process the Consistent Zoning Application(s) or the Subject Application(s) if and when filed by the Last Trust. "Best efforts" means that the County shall diligently process the Consistent Zoning Application(s) or the Subject Application(s) in accordance with all applicable laws, subject to the County's legislative discretion, without unnecessary delay.

(ii) *No Objection.* The Tribe agrees that it will not object to any Subject Application(s) or Consistent Zoning Application(s) so long as the Last Trust seeks Consistent Zoning or Equivalent Zoning. The Tribe reserves the right to object to any Subject Application(s) or Consistent Zoning Application(s) in the event that the Last Trust seeks or receives any other land use or development rights.

(iii) *Discretion.* The Parties understand and acknowledge that, in the context of processing the 2008 General Plan Update, Consistent Zoning Application(s) and the Subject Application(s), the County cannot guarantee the ultimate outcome of any public hearings before the County Planning Commission or the County Board of Supervisors or other public bodies of the County nor prevent any opposition thereto by members of the public or other agencies affected by or interested in the Consistent Zoning Application(s) or the Subject Application(s). The Parties further understand and acknowledge that land use regulations may involve the exercise of the County's police power and at the time of executing this Consent Judgment, it is settled law subject to the exceptions for Development Agreements (Cal. Gov. Code §§ 65864, *et seq.*), that a

government may not contract away its rights to exercise its police powers in the future. *Avco Community Developers, Inc. v. South Coast Regional Comm'n,* 17 Cal. 3d 785, 800 (1976), *City of Glendale v. Superior Court,* 18 Cal. App. 4th 1768 (1993). The Parties further understand and acknowledge that the approval of the Consistent Zoning Application(s) or Subject Application(s) may be subject to procedural or substantive obligations under the California Environmental Quality Act, Planning and Zoning Law, or other laws potentially applicable to such approvals. The parties further understand and acknowledge that the Consistent Zoning Application(s) and the Subject Applications(s) are within the Jacqueline Cochran Regional Airport Compatibility Zone D, and this may affect their approval. Nothing in this Consent Judgment is intended to constrain the County's consideration of the Consistent Zoning Application(s) or Subject Application(s) in light of information obtained or developed pursuant to these laws, and the County retains discretion to approve, conditionally approve, or disapprove the Consistent Zoning Application(s) or the Subject Applications(s) in light of such information.

   (iv) *Fee Waiver and Cost Contribution.* Within 30 days after the Consistent Zoning Application(s) or Subject Applications are filed, the Tribe will deposit $8,000 to be used for processing the Consistent Zoning Application(s) or Subject Application(s). The County will waive the initial filing fees associated with the Last Trust Property's Consistent Zoning Application(s) or the Subject Application(s) in an amount not to exceed $3,500 and will waive any additional processing fees necessary to achieve Consistent Zoning or Equivalent Zoning in excess of the $8,000 on deposit, up to a total fee waiver of $10,000. The total value of the contribution from the Tribe and the County towards processing the Consistent Zoning Application(s) or the Subject Application(s) will be no more than $18,000. If any funds contributed by the Tribe remain on deposit after the Consistent Zoning Application(s) or the Subject Application(s) have been processed, such funds will be returned to the Tribe.

4.	*Access to Last Trust Property.*  The Parties agree that ingress and egress to the Last Trust Property from Harrison Avenue and from Airport Boulevard shall continue and shall not be diminished by this Consent Judgment.

5.	*Rights of Way.*

a.	The Parties agree that the transfer of easements or Rights of Way contiguous to the Reservation from the County to the City was void *ab initio.*

b.	The City agrees that, upon the Court's approval of this Consent Judgment, all Rights of Way it purportedly holds contiguous to the Reservation will pass by operation of law in favor of the County.

c.	The Tribe agrees to dismiss without prejudice the Rights of Way claims in its Second Amended Complaint, subject to the following Reservation of Rights (Reservation of Rights) with the County:

(i)	The Tribe reserves its right to assert against the County the causes of action pertaining to the Rights of Way claims, excluding any monetary claims, set forth its Second Amended Complaint, in the future and the County reserves its right to assert any defenses it could have asserted as of the date of the filing of the Tribe's Second Amended Complaint;

(ii)	The Tribe and the County expressly agree to toll any applicable statute of limitations that has not expired prior to the filing of the Tribe's Second Amended Complaint for those causes of action set forth in the Second Amended Complaint, excluding any monetary claims, for a period of two (2) years from the date of the Consent Judgment.  The County and Tribe by their mutual agreement may extend the termination date, though none of those parties are obligated to do so.  Each party retains its right to assert timing defenses that could have been asserted as of the effective date of this Consent Judgment, meaning this Consent Judgment does not bar a party from asserting latches, waiver, or any other defense if that defense is unrelated to this Reservation of Rights provision;

    (iii) This Reservation of Right does not toll any limitation periods relating to the Rights of Way contiguous to the Reservation that had expired as of the date of the filing of the Tribe's Second Amended Complaint;

    (iv) The Tribe and the County agree to negotiate in good faith a government-to-government agreement addressing public access, maintenance, and ownership of the disputed Rights of Way contiguous to the Reservation; and

    (v) In reliance on this Reservation of Rights pertaining to the Rights of Way claims and on this Consent Judgment, the Tribe agrees to file its Motion to Dismiss without prejudice the Rights of Way claims in the Second Amended Complaint within two (2) weeks of the effective date of this Consent Judgment, and further agrees that within one (1) week of filing any dismissal document or receiving any dismissal order or judgment, it will provide a copy to counsel for the County, the City, and the Last Trust.

  d. The Tribe, the City, and the County agree that until a government-to-government agreement is completed as described in 5(c)(iv), above, the County will exercise all rights and responsibilities over the Rights of Way contiguous to the Reservation, except as provided for in 5(e), below.

  e. The County and City agree to maintain and repair the public roadways which surround the Reservation as described below:

    (i) The City, at its sole cost, will maintain and repair as necessary Avenue 54. Said maintenance and repair shall include, but is not limited to, the following: patching potholes, replacing signs and markers, providing repair of the road surface and shoulder area as a result of storm or other damage, cleaning culverts and removing debris;

    (ii) The County, at its sole cost, will maintain and repair Harrison Street, Airport Boulevard, and Van Buren Street. Said maintenance and repair shall include, but is not limited to, the following: patching potholes, replacing signs and markers,

providing repair of the road surface and shoulder area as a result of storm or other damage, cleaning culverts and removing debris.

   (iii) The Maintenance Agreement between the County and the City pertaining to the public roadways surrounding the Reservation is attached hereto as Exhibit A and is made part of this Consent Judgment.

 f. Within two (2) months of the effective date of this Consent Judgment, the Last Trust agrees to execute and deliver to the County a quit-claim deed to any interest it may have that is located within the existing Rights of Way abutting or contiguous to the Reservation provided that said deed shall reserve for the Last Trust Property the right to ingress and egress on the land so conveyed.  This transfer is part of the consideration for this Consent Judgment and the Last Trust agrees to quit-claim and convey its interests in the Rights of Way at no cost.  Once the Last Trust interest in those Rights of Way has been transferred to the County, the County agrees that it will assume all rights and responsibilities over those Rights of Way including liability for their future condition, unless and until a government-to-government agreement is executed that alters those responsibilities provided that the rights retained by and granted hereunder to the Last Trust Property shall not be diminished in any way.

6. *Monetary Payments.* The Tribe will not seek and shall not recover monetary damages from any of the Defendants with respect to the Action.

7. *Mutual Release and Dismissal.* Subject to the provisions of Paragraphs 3, 4, 5, and 6 above, the Parties mutually release all claims against each other that could have been brought, added, or joined in the Second Amended Complaint.  The annexation claims of this Action shall be dismissed with prejudice upon entry of the Court's Order approving this Consent Judgment.  Within two (2) weeks of the effective date of this Consent Judgment and subject to the Reservation of Rights provided for in Paragraph 5, a Motion to Dismiss the Rights of Way claims of this Action, without prejudice, shall be filed with the Court.  Each Party shall bear its own costs.

8.     *Binding.*  This Consent Judgment is final and binding on the Parties and their successors and assigns.

9.     *Terms of Judgment and Enforcement.*  The Parties have the right to enforce this Consent Judgment as follows:

    a.     The United States District Court for the Central District of California will retain jurisdiction over this action for the purpose of ensuring compliance and enforcing the provisions of this Consent Judgment.

    b.     The Parties to this Consent Judgment must negotiate in good faith to resolve any dispute relating to the interpretation and implementation of this Consent Judgment before bringing the matter to the Court's attention.

    c.     The Parties and their successors and assigns, and no one else, shall have standing to seek enforcement of this Consent Judgment.

    d.     Actions to enforce this Consent Judgment are limited to injunctive relief.

10.    *No Admission.*  Nothing in this Consent Judgment is intended or may be construed as an admission of liability by any Party.

11.    *Completeness.*  This Consent Judgment embodies the full terms of the agreement and understanding between the Parties related to the subject matter of the Action or this Judgment.

12.    *Authority, Signatories and Service.*  Each Party agrees that it has taken all steps necessary to authorize the execution of this document, and that the undersigned representative of said Party to this Consent Judgment is fully authorized to enter into the terms and conditions of this Consent Judgment and to execute and legally bind such Party to this document.  This Consent Judgment may be executed by the Parties in counterpart and by facsimile transmission, which when taken together shall be considered an original.

SO ORDERED THIS 30th DAY OF January 30, 2008

By: _____
Andrew J. Guilford
United States District Judge.

THE UNDERSIGNED PARTIES enter into this Consent Judgment in the matter of *Augustine Band of Cahuilla Indians v. City of Coachella et al.*, No. CV06-1237 AG (OPx):

Date: __December 13__, 2007     FOR THE AUGUSTINE BAND OF CAHUILLA INDIANS

By: s/Mary Ann Green
     Its Authorized Representative

Date: __December 19__, 2007     FOR THE CITY OF COACHELLA

By: s/Eduardo Garcia
     Its Authorized Representative

Date: __December 19__, 2007     FOR THE COUNTY OF RIVERSIDE

By: s/John F. Tavaglione
     Its Authorized Representative

Date: __December 17__, 2007     FOR THE RIVERSIDE LOCAL AGENCY FORMATION COMMISSION

By: s/George Spiliotis
     Its Authorized Representative

1 | Date:  December 17 , 2007                FOR THE EDWARD AND NANCY LAST TRUST

                                             By: s/Jimmy L. Gutierrez
                                                  Its Authorized Representative

-14-